UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                         CASE NO.  8:19-cr-38-T-02AEP
                                                     18 U.S.C. § 1956(h)

DAVID BELL

## INFORMATION

The United States Attorney charges:

## COUNT ONE
### (Money Laundering Conspiracy)

## Introduction

At times relevant to this Information:

1.     Defendant DAVID BELL was a resident of the Middle District of Florida.

## The Conspiracy

2.     Beginning on an unknown date, but no later than in or around June 2015 and continuing through in or around May 2017, in the Middle District of Florida and elsewhere, the defendant,

DAVID BELL,

did knowingly combine, conspire, confederate, and agree with others, both known and unknown to the United States Attorney, to commit offenses against the United States, to wit:

a.      knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct, and attempt to conduct, a financial transaction, which in fact involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, with the intent to promote the carrying on of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and

b.      knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct, and attempt to conduct, a financial transaction which, in fact involved the proceeds of specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## Manner and Means of the Conspiracy

3.      The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included, among others, the following:

a.      It was a part of the conspiracy that conspirators would and did contact victims by telephone, and obtain money from said victims by

2

DAVID BELL,

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1),

any property, real or personal, involved in such offense and any property

traceable to such property.

3.     The property subject to forfeiture includes, but is not limited to

$26,000, which represents the amount involved in the offense that the

defendant kept as profit.

4.     If any of the property described above, as a result of any act or

omission of the defendant:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third

         party;

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be

         divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Rachel K. Jones
Assistant United States Attorney

By: _____
Jay G. Trezevant
Assistant United States Attorney
Chief, Economic Crimes Section

6